1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ASHLEY COOK, individually and on behalf all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON SERVICES.COM LLC,<br><br>　　　　　　　　　Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT**

Plaintiff Ashley Cook ("Plaintiff") bring this action, on behalf of herself and all others similarly situated, against Defendant Amazon Services.com LLC ("Amazon" or "Defendant"). Plaintiff seek to obtain damages, restitution, and injunctive relief for a class of individuals ("Class" or "Class Members") who are similarly situated and have received notices of the data breach from Amazon. Plaintiff makes the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record.

CLASS ACTION COMPLAINT - 1

## I.   NATURE OF THE ACTION

1.      This case is about disability discrimination and a blatant failure to accommodate an employee, a story representative of thousands of people at Amazon.

2.      Plaintiff is a disabled woman.  Her disabilities, however, do not impede her ability to work.  Rather than accommodate her, Defendant has simply pushed her through a maze of red tape that has precluded her from working for nearly a year.

3.      The Class Members are putative Plaintiffs who work for Defendant across the country.  Defendant requires all employees to utilize Defendant's human resources app to process requests for accommodation.   Requests for accommodation are routinely denied because Defendant does not engage in the interactive process as the app simply is not designed to allow such an interactive process.  Defendant's app is called Amazon A to Z.

## II.    PARTIES

4.      Plaintiff was and is a resident of Texas.

5.      Defendant Amazon Services.com LLC is a Delaware corporation with its principle place of business at 410 Terry Ave N, Seattle, WA 98109. Its registered agent is Corporation Service Company, at 300 Deschutes Way Southwest, Suite 208 MC-CSC 1, Tumwater, WA 98501.

## III.    JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

7.      The Court has general personal jurisdiction over Defendant because, personally or through its agents, Defendant operates, conducts, engages in, or carries on a business or business venture in Washington; it is registered with the Secretary of State in Washington as a for-profit corporation; and it maintains its headquarters in Washington.

CLASS ACTION COMPLAINT - 2

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because it is the district where Defendant resides and has the most significant contacts as the witnesses and facts in this case are disbursed across the country and communication is made primarily via the A to Z App.

### IV.    STATEMENT OF FACTS

9.    Plaintiff is a disabled veteran with both physical and non-physical disabilities.

10.    Plaintiff began her employment with Amazon in June 2022.

11.    After approximately a year of employment, Plaintiff began to experience excessive bleeding, due to uterine fibroid problems, that would require her attention at work to be taken for short periods of time.

12.    Plaintiff also suffers from Post Traumatic Stress Disorder ("PTSD").

13.    Plaintiff initially requested accommodations from her manager in the form of work from home time and, as well, fifteen-minute breaks throughout the day to manage her bleeding.

14.    Plaintiff's manager refused to engage in the conversation, saying she must go through the corporate A to Z App, which manages all employees' HR concerns.

15.    Plaintiff did go through that HR app.

16.    Initially, Plaintiff was relieved that Amazon was giving her an opportunity to monitor her health, as she was given an approved medical leave towards the end of 2023.

17.    Plaintiff's leave was then extended over her objection.

18.    Plaintiff was told by a case manager that her accommodations "will probably be

CLASS ACTION COMPLAINT - 3

denied."

19.     Plaintiff was able to return to work and wanted to return to work, but was denied the ability to do so.

20.     Plaintiff was told, by that same case manager, that she should try to ask for a position change and that she should discuss a new position with her manager.

21.     Plaintiff's manager only referred her back to HR and the A to Z App.

22.     This happened again and again.

23.     To this day, Plaintiff remains on a mandated leave, and she is slated to remain on that leave through January 17, 2025.

24.     Plaintiff has not been able to return to her position as Cloud Engineer due to Amazon not approving accommodations and was told by her management (M. Santhankrishnan and D. Pereida) that they could not honor or approve accommodations.

25.     After being out on leave for months, Plaintiff informed Defendant that she was suffering from undue stress because she was out of work and not being paid.

26.     Plaintiff's medical providers informed her that they believe she is being discriminated against.

27.     Plaintiff's medical providers specifically informed Defendant, on September 13, 2024, that her continued leave was negatively affecting her mental health, stating "the way she has been reacting to the interactions between herself AWS, her medical leave, and short-term disability leave has exacerbated her symptoms requiring extended treatment and modification of prescription medications." Plaintiff's expected return to work date was December 30, 2024.

CLASS ACTION COMPLAINT - 4

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

1    28.    Plaintiff has been pushed into a never-ending cycle of disability leave

2  pigeonholing her, as Amazon uses the A to Z App to stifle and hide disabled employees.

3    29.    Plaintiff's mental health deteriorated rapidly because of Defendant's completed

4  and utter failure to provide any kind of an accommodation.

5    30.    Plaintiff's story is representative of a class of claims.

6    31.    Many employees share the story that Amazon refuses to engage in the interactive

7  process via managers, and, instead, demands employees engage through the A to Z App, where

8  their accommodation requests are never discussed with any legitimacy.

9    32.    Congress has taken notice that the A to Z App creates an illegal work

10  environment that disproportionately affects disabled employees.

11    33.    The Disability Leave Services (DLS) department utilizes the A to Z App and

12  "Although workers are supposed to be assigned a caseworker, many workers reported that they

13  were either not given one or could not reach anyone at DLS."

14    34.    The same is true for Plaintiff as her requests to return to work were ignored.

15    35.    Plaintiff, for months, had her paperwork juggled through the A to Z App entirely

16  to her detriment.

17    36.    Repeatedly, Plaintiff went through cycles of being told that her disability

18  accommodation paperwork was being processed, only for that same paperwork to become 'lost'

19  in the A to Z App, and another HR person would, again, ask Plaintiff to submit her paperwork.

20    37.    Despite Plaintiff being on a medical leave for months, she was told, on or about

21  March 29, 2024, April 5, 2024, June 12, 2024, August 13, 2024, and September 19, 2024, that

22  CLASS ACTION COMPLAINT - 5

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

23

24

her medical paperwork was 'insufficient' despite Plaintiff uploading everything to the A to Z App.

38.    On these occasions, and others, Defendant treated Plaintiff as being on leave without proper medical authorization.

39.    Plaintiff was told that she would have to return to work without any accommodations whatsoever.

40.    On many occasions, Defendant failed to properly consider Plaintiff's medical documentation because it preferred to rely on a faulty application than on an actual case manager to support Plaintiff.

41.    Plaintiff remedied every instance of the A to Z App's failure, and Defendant placed Plaintiff back on medical leaves.

42.    Plaintiff's providers had asked that she return to work, work with fifteen-minute breaks, and to work from home, but all requests have been ignored by Amazon, who continues to stuff Plaintiff into disability leave without any engagement in the interactive process.

43.    Plaintiff's constant denials and fruitless back and forth through the A to Z App has caused her extreme stress and has seriously impaired her ability to maintain a reliable income.

44.    Plaintiff was approved for leave for the period 5-24-2024 through 12-29-2024 over her objection and request to return to work.

45.    In efforts to return to work, Plaintiff also requested job changes as a request for an accommodation.

CLASS ACTION COMPLAINT - 6

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

46.     Through Amazon's continued confusion, Plaintiff has been approved to work in another role, and has had that same approval withdrawn.

### Class allegations

47.     Upon information and belief, Defendant employs 1.5 million of people across the United States.  If even one percent of them are disabled, that would make 150,000 Amazon employees disabled.

48.     Employees utilize the A to Z App to process things like time off, disability accommodation requests, and other human resources functions.

49.     This Class is all employees who were or are disabled who have had an accommodation request denied after requesting that accommodation through the A to Z App.

50.     Like Plaintiff, Class Members who submit an accommodation are routinely treated as an afterthought and are forgotten about.

51.     Defendant's decentralized human resources model does not allow for appropriate conversations about the Class Member's disabilities.

52.     Defendant's website identifies a team of "Accommodation Consultants" who provide "accommodation support to our associates."

53.     These Accommodation Consultants rarely, if ever, maintain current or reliable files on employees, evidence by Plaintiff having to constantly resubmit medical forms that had already been provided.

54.     This process is inherently illegal in that it breaks down the interactive process at the 'app stage' and such a breakdown is traceable to the employer.

CLASS ACTION COMPLAINT - 7

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

55.    This class is sufficient under Federal Rule of Civil Procedure Rule 23 as it is numerous, certainly over 40 employees and, potentially, in excess of 10,000 employees.

56.    There are common questions of fact and law, particularly whether Defendant's A to Z app conforms with the duty to engage the interactive process and the duty to provide accommodations when there is an absence of a significant financial burden.

57.    The claims or defenses of the representative parties are typical of the claims or defenses of the class.

58.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

59.    <u>Numerosity</u>. The Members of the Class are so numerous that joinder of all of them is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, the Class consists of thousands of persons have requested accommodations and who have not been given appropriate attention.

60.    <u>Commonality</u>. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.  At its core, the Class has a common question of law about whether the A to Z App can lead to conversations that can satisfy the employer's requirement to engage in the interactive process.

61.    <u>Typicality</u>. Plaintiff's claims are typical of those of other Class Members because Plaintiff was denied accommodations because of failure to appropriately handle medical information in the A to Z App.

62.    <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiff's Counsel are competent and experienced in litigating Class actions.

CLASS ACTION COMPLAINT - 8

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

63. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff and Class Members must seek accommodations through the same process, the A to Z App, which is an utter failure and rife with discriminatory animus. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

64. <u>Superiority</u>. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a Class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a Class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

65. This case is maintenable as a class action under Fed. R. Civ. P. 23(b)(3). This case is also maintenable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

66. Finally, all members of the proposed Class are readily ascertainable. Defendant has access to Class Members' names and addresses through their employment and their use of the A to Z App.

CLASS ACTION COMPLAINT - 9

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

## CAUSES OF ACTION

### FIRST CLAIM

**Disability Discrimination in violation of the Americans with Disabilities Act**

67.     Plaintiff, on behalf of herself, and all Class Members, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 66 with the same force as though separately alleged herein.

68.     The Americans with Disabilities Act requires that employers such as Defendant engage in the interactive process if an employee indicates that they are disabled.

69.     Plaintiff is disabled.

70.     Plaintiff made known to Defendant that she was disabled.

71.     Despite this, Defendant did absolutely nothing to ascertain what, if any, reasonable accommodation Plaintiff needed.

72.     Defendant failed to have a two-way conversation with Plaintiff about Plaintiff's disability.

73.     Plaintiff repeatedly made known, both formally and informally, that she was disabled and did not engage in a good faith interactive process to understand what, if any, accommodation Plaintiff needed.

74.     Defendant, repeatedly, failed to maintain adequate files with respect to Plaintiff's disability.

75.     Defendant marginalized Plaintiff and treated her as an after thought by systematically referring her to submit documents to the A to Z App.

76.     Those documents were then lost, misplaced, or mismanaged.

77.     Defendant prioritizes non-disabled employees over disabled employees and does not dedicate adequate resources to comply with the Americans with Disabilities Act.

CLASS ACTION COMPLAINT - 10

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

78.     Plaintiff's claims are one and the same as the Class Members.

79.     As such, Defendant intentionally and willfully violated Plaintiff and the Class Member's rights to be free from discrimination on the basis of their disabilities, and owes Plaintiff and all Class Members all front pay, back pay, emotional distress damages, punitive damages as the discrimination was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## SECOND CLAIM

**Failure to provide reasonable accommodations as required by the Americans with Disabilities Act**

80.     Plaintiff, on behalf of herself, and all Class Members, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 66 with the same force as though separately alleged herein.

81.     The Americans with Disabilities Act requires that employers such as Defendant provide a reasonable accommodation to an employee if an employee indicates that they are disabled and require such an accommodation.

82.     Plaintiff is disabled.

83.     Plaintiff made known to Defendant that she was disabled.

84.     Despite knowing of Plaintiff's disability, and despite knowing that Plaintiff required an accommodation, Defendant failed to provide any accommodation.

85.     Plaintiff's claims are one in the same as the Class Members.

86.     As such, Defendant intentionally and willfully violated Plaintiff and the Class Members's rights to an accommodation, and owes Plaintiff and the Class Members all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other

CLASS ACTION COMPLAINT - 11

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

1  remedies this Court deems just and proper

2

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiff prays for judgment as follows:

A.      For an Order certifying this action as a class action and appointing Plaintiff and

5  their counsel to represent the Class;

6  B.      For equitable relief enjoining Defendant from engaging in the wrongful conduct

7  complained of herein pertaining to the failure to engage the interactive process to determine what,

8  if any, reasonable accommodation an employee may need.  Relief sought may be ascertained by

9  the closure or significant modification of the A to Z App;

10  C.      For declaratory relief as requested;

D.      For an award of actual damages, compensatory damages, statutory damages, and

11  statutory penalties, in an amount to be determined, as allowable by law;

12  E.      For an award of punitive damages, as allowable by law;

13  F.      For an award of attorneys' fees and costs, and any other expense, including expert

14  witness fees;

15  G.      Pre- and post-judgment interest on any amounts awarded; and

16  H.      Such other and further relief as this Court may deem just and proper.

17

DATED this 8th day of January 2025.

18

19  **FRANK FREED SUBIT & THOMAS LLP**

20  By: /s/ Michael C. Subit
   Michael C. Subit, WSBA #29189
21  705 Second Avenue, Suite 1200
   Seattle, WA 98104

22  CLASS ACTION COMPLAINT - 12

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

23

24

Telephone: 206.624.6711
msubit@frankfreed.com

*Local Counsel for Plaintiff and the Proposed Class*

HARMAN GREEN PC


Walker G. Harman, Jr.*
Evan K. Richardson*
824 Exposition Ave., Suite 8
Dallas, Texas 75226
NY Bar 6009112
TX Bar 24138559
erichardson@theharmanfirm.com
wharman@theharmanfirm.com
*Attorneys for Plaintiff and the Proposed Class*

*pro hac vice applications for admission to be filed.*

CLASS ACTION COMPLAINT - 13

Harman Green PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226