**THE HONORABLE JOHN H. CHUN**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHLEY COOK, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON SERVICES.COM LLC,<br>Defendant. | **Case No. 2:25-cv-00050-JHC**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 10, 2025** |

Plaintiff Ashley Cook, on behalf of herself and all others similarly situated, moves pursuant to Fed. Rs. Civ. P. 15(a)(2) and 20(a) to amend the operative Amended Complaint in this action to add additional Plaintiffs, clarify claims, and add additional factual matter. A proposed Second Amended Complaint ("Proposed SAC"), red-lined in compliance with LR 15, is attached hereto. Plaintiff also attaches a clean version of Proposed SAC.

## I.     FACTUAL BACKGROUND

This case involves an evolving class action against Defendant Amazon Services.com LLC ("Defendant" or "Amazon"). Defendant is, arguably, the largest and most successful

corporation in history, and currently has a valuation of more than two trillion dollars. This, however, does not mean that Defendant is above the law. This class action alleges that Defendant violates the Americans with Disabilities Act and the Washington Law Against Discrimination by promoting and implementing policies that are discriminatory against employees with disabilities. Three policies are at issue:

1) Required use the A to Z App. Disabled employees are required to utilize the A to Z App to process reasonable accommodation requests. Employees, routinely, are not accommodated, and Defendant does not engage in the interactive process because of an underfunded corporatewide, national, non-regional failure of a system. The A to Z App is designed to, and does in fact, in practice, discriminate against employees with disabilities by making the process to request and obtain accommodations unfairly burdensome and confusing.

2) The Return to Office ("RTO") mandate. The RTO is discriminatory on its face. Certain disabled employees, because of various disabilities, such as physical limitations, Post-Traumatic Stress Disorder, Autism, Attention Deficit/Hyperactivity Disorder, and others, require remote work as a reasonable accommodation. The RTO policy demands that all employees perform all work functions in an office space and not remotely. Even when disabled employees could perform each and every essential job function remotely, Defendant refuses to accommodate them. The policy is discriminatory on its face and in practice.

3) Short-Term Disability leave 'accommodation.' Defendant maintains a policy of placing employees, particularly warehouse employees, on a short-term disability leave when accommodations are requested. In part because of the delays and failures that stem from the A to Z App, described above and throughout the Proposed SAC, and in part because Defendant prioritizes efficiency and workflow over offering

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 2
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

accommodations, Defendant simply pushes disabled employees, who request reasonable accommodations, onto medical leaves rather than accommodate them.

## II. ARGUMENT

A. **Amendment Should be Granted Under Rule 15(a)(2) and the *Foman* Factors**

**1. Leave to Amend is Liberally Granted.**

Defendant has declined to consent to the Proposed SAC. Accordingly, Fed. R. Civ. P. 15(a)(2) applies. That rule provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The purpose of "pleadings is 'to facilitate a proper decision on the merits'...." *Howey, v. U.S.,* 481 F.2d 1187, 1190 (9th Cir. 1973) (collecting cases). As well, given that this is a class action directly affecting the rights of every disabled employee working for Defendant, justice so requires that one action be maintained for judicial economy and to prevent inconsistent rulings. The pro-amendment policy in Rule 15(a)(2) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th Cir. 2003).

In *Foman v. Davis*, 371 U. S. 178, 182 (1962), the Supreme Court emphasized that the declaration "in Rule 15(a) that leave to amend 'shall be freely given when justice so requires'" is "a mandate to be heeded." The Court went on to say:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182.

Plaintiff's claims arising out of defendant's discriminatory policies are ripe for Class adjudication. As well, multiple Plaintiffs now seek to join this action with virtually identical claims as Plaintiff Cook, all of which stem from the same transactions or occurrences that caused

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 3
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

the complained of injuries. Allowing the Proposed SAC to control as the operative pleading would promote judicial economy.

"Not all of the factors [in *Foman*] merit equal weight." *Eminence Capital*, 316 F. 3d at 1052. "As this Circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight… Prejudice is the 'touchstone of the inquiry under rule [sic] 15(a)." *Id.* The non-moving party bears the burden of showing prejudice. *Id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under rule (sic) 15(a) in favor of granting leave to amend." *Id.* (citing cases). In this case, Defendant faces no prejudice and all the relevant *Foman* factors favor amendment.

### 2. Defendants Will Not Be Prejudiced by the Amendment

Defendants will not be prejudiced if the court grants Plaintiff's motion to amend. This action was, from its inception, identified as a class action under Fed. R. of Civ. Pro. 23. In theory, the added Plaintiffs were *always* Plaintiffs given the opt-out nature of a class action. In reality, however, the individuals in the Proposed SAC have virtually identical claims to Plaintiff Cook (with only minor differences such as job title, work location, and specific disability identification which do not impact the questions of law or fact). As well, Plaintiff Cook has further identified and elaborated on the nature of the claims in the Proposed SAC, offering greater clarity to support adjudication of the claims.

### 3. Plaintiff Has not Engaged in Bad Faith

Under *Foman*, bad faith is grounds for denying a motion to amend. Plaintiff was not able to locate any reported decision defining "bad faith" in terms of a motion to amend a complaint. Black's Law Dictionary[1] defines a bad faith as:

> The opposite of good faith, generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or contractual or some contractual obligation, not prompted by an

---

[1] Abridged Fifth Ed. (1983).

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 4
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

> honest mistake as to one's rights or duties, but by some interested or sinister motive. Term (sic) "bad faith" is not simply bad judgment or negligence but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; …

To prove bad faith under the above definition, Defendant would have to show that Plaintiff engaged in actual or constructive fraud, that she intentionally decided to mislead or deceive. There is simply no evidence of bad faith, nor can Defendant even feign to allege any. A class action without numerous amendments would be an anomaly, and Plaintiff is merely assuring that adjudication of the class proceeds properly and in the normal course.

In sum, there is no basis for the Court to deny plaintiff's motion to amend on the basis of bad faith.

### 4.   There Has Not Been Undue Delay

Plaintiff was diligent under the circumstances in filing this motion to amend. Plaintiff filed her Original Complaint on January 8, 2025. Defendant then moved to dismiss on February 25, 2025. Plaintiff amended her Original Complaint and filed her First Amended Complaint on April 1, 2025, after the parties stipulated for her to have additional time to file that Amended Complaint. Defendant then moved to dismiss again, and that motion was fully briefed by all parties on June 12, 2025. The Court then held a conference on the motion, on August 20, 2025, and directed Plaintiff to file a motion to amend by October 20, 2025, based on representations that since the filing of the First Amended Complaint, new Plaintiffs had been retained. As such, Plaintiff has been transparent in the entirety of the litigation process, and only very recently, after the filing of the First Amended Complaint, in fact, did new Plaintiffs become retained by Harman Green PC. Now, given the Court's directive and deadline of October 20, 2025, there can be no finding of undue delay with respect to the filing of this motion to amend and Proposed Second Amended Complaint.

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 5
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

### B. Joinder is Appropriate

Federal Rule of Civil Procedure 20(a) states that a Plaintiff may be joined to an action whenever "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." That is, precisely, the basis for amendment in this action. All named Plaintiffs in the Proposed SAC would be bringing identical claims, all styled as class action claims, and all pending in this Court. Judicial clogs based on identical proceedings are precisely why Fed. R. Civ. P. 20 was created. In this action, common questions of law and fact abound because the case or controversy is built not on individualized treatment, but based on corporatewide, non-regional policies that foster discrimination and are discriminatory in and of themselves.

Despite this being a proposed class action pursuant to Fed. R. Civ. P. 23, Plaintiff Cook must still satisfy Fed. R. Civ. P. 20 with respect to the newly named individual Plaintiffs, which is easily accomplished here. *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2023). Besides the enumerated factors above, Plaintiff Cook must show that "permissive joinder would 'comport with the principles of fundamental fairness' [and] would [not] result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). As well, this case is still in its infancy, and no discovery has been conducted, nor have any dispositive rulings been rendered. As such, amendment at this time is entirely appropriate and fair.

Plaintiff anticipates that Defendant's entire argument against joinder, and this motion to amend, will mirror the First and Second Motions to Dismiss. Defendant cannot meet its high burden of showing the proposed amendments will be futile or that there are no set of facts under

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 6
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

the amendments that would constitute a valid claim.  *E.g*., *Usanovic v. Americana. LLC*, 2024 WL 2750976, at *2-3 (D. Nev. Apr. 24, 2024)   Questions of common fact and law far outweigh and individualized treatment or concerns.  The Proposed Plaintiffs all worked in different offices, in different roles, and with different disabilities, yet they have one common, overriding connection: Amazon's corporatewide, top-down emphasis on disability discrimination.  This is not a case of whether mocking or bullying is 'severe or pervasive.'  This is not a case of whether actors with retaliators animus broke a company policy to terminate an employee.  Rather, this case is defined by the policies that Amazon has in place and Amazon's rigid adherence to those policies.  The value of answer whether those policies are discriminatory is a question far more important to the claims than any individualized questions of fact and law.

     Plaintiffs are seeking injunctive and declaratory relief against those corporatewide policies, alongside any individualized recovery that will not impact the claims stemming from the class.  In fact, Plaintiffs' individualized recoveries, in many ways, will turn on the Court's ruling as to whether the policies are discriminatory.  *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 979 (9th Cir. 2011).  Unlike *Ellis*, which dealt with individualized promotions based on a company 'culture' – which is not a set policy and is inherently localized to a particular store, set of stores, or even limited geographic region – this case involves a predominant question of whether a set, corporatewide policy is discriminatory.  This case stands alone from *Dukes* or *Ellis* in that, while the Plaintiffs seek individualized remedy for themselves, the relief for the Class Members is not individualized, but, rather, targets Amazon's discriminatory corporatewide policies. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  Defendant Amazon operates under a general policy of discrimination, and adjudicating that policy is the overriding common question of fact and law common to all Plaintiffs and all Class Members.

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 7
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

The complained of conduct at issue in this case arises out of the same transaction or occurrence that aggrieved each Plaintiff and the Class Members. As for the First-Sub Class, the A to Z App, Plaintiffs allege that the delay caused by the A to Z App is by design, and is meant to dissuade employees from seeking reasonable accommodations. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). This case is distinct from *Coughlin* in that the Plaintiffs all allege that the A to Z App was a complete failure and was meant to, and does in fact, dissuade employees from seeking, or receiving, accommodations. Under the Americans with Disabilities Act, disabled employees are entitled to a reasonable accommodation, when a reasonable accommodation is requested, absent undue hardship to the employer. Plaintiffs allege, as a product of their discrimination claim, that Defendant also abused the interactive process, did not engage in good faith, and did not engage in good faith by creating a system whereby employees will abandon, or simply not seek, reasonable accommodations because of the delay and burden in engaged in the interactive process. Stated differently, Plaintiffs and the First Sub-Class Class Members all allege that, regardless of the duration of a delay, there is a repeated, intentional breakdown of the interactive process traceable to the employer as a corporatewide policy and practice leading to the denial of reasonable accommodations required by law.

As for the Second Cub-Class, the allegation is that there is a clear, written corporatewide policy of discrimination. Plaintiffs and the Second Sub-Class are all aggrieved by the Return to Office policy as inherently discriminatory. That policy does not allow for remote work or remote employment. Plaintiffs have no right to appeal when they request an accommodation to work remotely and the request is denied. The policy is discriminatory on its face and in practice. The policy is no different than a "Walk to Work" policy, such a policy would obviously discriminate against employees who rely on wheelchairs. This policy is no different. Some employees cannot

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 8
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

report to work in an office because of their disabilities. This policy demands that all employees report to work in an office with no ability to be accommodated via remote employment. As such, Plaintiffs suffer from the same transaction or occurrence, the Return to Office policy.

As for the Third Sub-Class, like the First, Defendant has created a corporatewide policy and practice of discrimination. The United States Senate has already found that Defendant "consistently prioritizes speed over worker safety." United States Senate Committee on Health, Education, Labor, and Pensions, Chairman Bernard Sanders, THE "INJURY-PRODUCTIVITY TRADE-OFF": HOW AMAZON'S OBSESSION WITH SPEED CREATES UNIQUELY DANGEROUS WAREHOUSES, p. 70, Majority Staff Report, December 2024. To accomplish this, and to maximize profits and reduce delay, Defendant maintains a policy and practice of demanding Leaves of Absence by disabled employees through short-term disability leaves when employees request accommodations. Rather that accommodate employees, employees who request accommodations are almost always offered a disability leave as an alterative to being reasonably accommodated in the workplace, and, very often, employees are put on that disability leave regardless of whether they elect to take disability leave. Accordingly, Plaintiffs are aggrieved by Defendant's policy and practice of relying on short-term disability leaves rather than accommodating them in accordance with the law.

### III. CONCLUSION

The Court should grant Plaintiff leave to amend because good cause exists for allowing amendment and the relevant *Foman* factors favor amendment.

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 9
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226

RESPECTFULLY SUBMITTED this 20th day of October 2025.

I certify that this memorandum contains 2,652 words in compliance with section 7(e) of the Local Rules of Practice for civil proceedings before the U.S. District Court for the Western District of Washington.

**FRANK FREED SUBIT & THOMAS LLP**

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: 206.682.6711
Fax:206.682.0401
msubit@frankfreed.com

*Local Counsel for Plaintiffs*

**HARMAN GREEN PC**

By:  */s/ Evan Richardson*
Evan Richardson, TXBA No. 24138559
Walker G. Harman, Jr., TXBA No. 24136268
824 Exposition Ave., Suite 8
Dallas, Texas 75226
Phone: (646) 248-2288
Email: erichardson@theharmanfirm.com
           wharman@theharmanfirm.com

*Attorneys for Plaintiff Ashley Cook*

PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT- 10
Case No. 2:25-cv-00050-JHC

HARMAN GREEN PC
824 Exposition Ave., Suite 8
Dallas, Texas 75226