**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ASHLEY COOK, JOSHUA BURDI, ETHAN CORRIERE, MICHELLE GRISSOM, JOHNATHAN HODNEFIELD, ERICA HOLLAND, CATARINA LY, and DAVID OTTENWELLER, individually and on behalf all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON SERVICES.COM LLC, <br><br> Defendant. | **Case No. 2:25-cv-00050-JHC** <br><br> **ORDER** |

This matter comes before the Court on Plaintiffs' Motion for Leave to File a Third Amended Complaint.  Dkt. # 47.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law.  Being fully advised, for the reasons below, the Court GRANTS the motion.

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.  Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The

ORDER - 1
 Case No. 2:25-cv-00050-JHC

Ninth Circuit has even said that Rule 15(a) should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).

Under Rule 15(a), courts consider several factors, including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend. *Id.* at 1052.  This analysis should generally "be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

But not all Rule 15(a) factors bear the same weight; it is the consideration of undue prejudice that is the "touchstone of the inquiry under Rule 15(a)." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  Without prejudice, or a very strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052.  And the party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Defendants do not purport to show bad faith, undue delay, or prejudice.  Thus, all those factors favor amendment.  As for the number of complaints filed thus far, the Court views the factor as neutral.

Defendant argues futility.  And the Court appreciates the strong arguments Defendant presents.  But given (1) the other factors favoring of amendment, particularly the lack of prejudice; (2) the Court's wish to see additional briefing before considering dismissing this matter with prejudice on the pleadings; and (3) Plaintiffs' representation that the Third Amended Complaint will be the final complaint in this matter (Dkt. # 47 at 4), the Court is inclined to allow the requested leave.

ORDER - 2
 Case No. 2:25-cv-00050-JHC

Thus, the Court GRANTS the motion. Plaintiffs may file their Third Amended Complaint on or before May 15, 2026. The Court DIRECTS the Clerk to STRIKE as moot the motion to dismiss at Dkt. # 37.

DATED this 8th day of May, 2026.

_John H. Chun_
John H. Chun
UNITED STATES DISTRICT JUDGE

ORDER - 3
Case No. 2:25-cv-00050-JHC